UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES W. SCHOTTEL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17-CV-2165 |
| ) | |
| STUDENT ASSISTANCE ) | **JURY TRIAL DEMANDED** |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff James W. Schottel, Jr. (hereinafter "Plaintiff") and for his Complaint against Defendant Student Assistance Corporation (hereinafter "Defendant SAC") and respectfully states to this Honorable Court the following:

### JURISDICTION AND PARTIES

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 as this Complaint seeks redress of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.

2. Plaintiff is a U.S. citizen of the State of Missouri;

3. Defendant SAC has its principal place of business in the State of Pennsylvania and although stated is a corporation, may or may not be a corporation at all.

### VENUE

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

### FACTUAL BACKGROUND

5. Plaintiff is an attorney licensed in the State of Missouri and the State of New York.

6. Plaintiff is a practicing attorney and has been since December 14, 1999.

7. During law school, Plaintiff incurred law school loans through Sallie Mae.

8. At some point in recent years, Sallie Mae was acquired by Navient Corporation (hereinafter "Navient").

9. Defendant SAC performs debt collection for Navient.

10. In the last 2+ years Plaintiff had been suffering from undiagnosed medical conditions, which led to several trips to the hospital emergency room and occasional hospital stays thereafter.

11. This culminated to 2 serious surgeries for Plaintiff; one on January 18, 2017 and a second on April 13, 2017.

12. During this period, Plaintiff used forbearance time to delay repayment of his student loans to Navient.

13. However, Plaintiff was in continuous contact with Navient regarding Plaintiff's condition.

14. Despite this, during the time of Plaintiff's surgeries and rehabilitation after said surgeries, Defendant SAC would continuously and constantly call Plaintiff's cell in an effort to collect Plaintiff's debt to Navient.

15. Although Defendant SAC is located in Pennsylvania, the "robo" telephone calls from Defendant SAC to Plaintiff would show up on Plaintiff's cell phone coming from a number of different states.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692, *et seq*.
## FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

16. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

17. On Wednesday, July 26, 2017, at 2:17 p.m. C.S.T. Defendant SAC called Plaintiff's brother, Jason Schottel, regarding Plaintiff's debt to Navient.

18. Particularly, Defendant SAC lied to Jason Schottel telling him that Plaintiff put him down as a contact regarding Plaintiff's debt to Navient.

19. The phone call from Defendant SAC to Jason Schottel appeared on Jason Schottel's phone as originating from (513) 972-4561; whereas 513 is an Ohio area code.

20. On Wednesday, July 26, 2017, at 2:12 p.m. C.S.T. Defendant SAC called Plaintiff's sister, Tiffany Schottel, regarding Plaintiff's debt to Navient.

21. Particularly, Defendant SAC lied to Tiffany Schottel telling her that Plaintiff put her down as a contact regarding Plaintiff's debt to Navient.

22. The phone call from Defendant SAC to Tiffany Schottel appeared on Tiffany Schottel's phone as originating from the same (513) 972-4561.

23. Plaintiff is solely liable for his debt to Navient and never provided Navient, or anyone affiliated, with Navient Jason Schottel or Tiffany Schottel's contact information.

24. Plaintiff never authorized or gave consent to Navient, or anyone affiliated with Navient, to contact Jason Schottel or Tiffany Schottel regarding Plaintiff's debt to Navient.

25. At all relevant times herein, Defendant SAC was aware of Plaintiff's location and in possession of Plaintiff's cell phone information that still is the same and hasn't changed in approximately 10 years.

26. Defendant SAC violated 15 U.S.C. § 1692c, which provides:

"**(b) Communication with third parties**

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

*See* 15 U.S.C. § 1692c(b).

### Compensatory Damages

27. Plaintiff is entitled to damages pursuant to 15 U.S.C. § 1692k(a).

### Punitive Damages

28. Plaintiff is entitled to punitive damage because Defendant SAC's actions were willful, wanton and malicious.

### Attorney's Fees

29. Plaintiff is entitled to attorney's fees pursuant to 15 U.S.C. § 1692k(b).

WHEREFORE, Plaintiff prays for against Defendant Student Assistance Corporation, for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees as allowed by law, injunctive relief in the ordering of Defendant Student Assistance Corporation to cease calling Plaintiff's relatives, for costs and for such other relief as may be just under the circumstances.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
      James W. Schottel, Jr.    #51285MO
      906 Olive St. PH
      St. Louis, MO 63101
      (314) 421-0350
      (314) 421-4060 facsimile
      jwsj@schotteljustice.com

      Plaintiff

Case: 4:17-cv-02165-HEA   Doc. #:  1   Filed: 07/28/17   Page: 5 of 5 PageID #: 5